# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GEILS,<br><br>    Plaintiff,<br><br>v.<br><br>KARIM RASHEED, et al.,<br><br>    Defendants. | 1:17-cv-00287-AWI-BAM (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Andrew Geils ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 28, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Avenal State Prison, Valley State Prison and CSATF. Plaintiff names the following defendants: (1) Karim Rasheed, M.D., O.D. at CSATF; (2) Ning Lin, M.D., O.D at VSP; (3) Dr. Boyer, Optometrist at ASP; and (4) Dr. Wong, Optometrist at CSATF.

Plaintiff alleges the following:

> Dr. Boyer-Optometrist-Avenal State Prison prescribed a pair of transition glasses for me on 4-27-15 because of my photophobia. Dr. Ning Lin-OD, MD-at Valley State Prison prescribed a pair of transition glasses for me on 3-8-16 because of my photophobia. Dr. Karim Rasheed-ophthalmologist, SATF-Corcoran State Prison denied to prescribed [sic] me transition glasses on 9-8-16 because he said I did not have the condition of photophobia. Dr. Wong-optometrist-at SATF-Corcoran State Prison denied to prescribe me transition glasses on 10-6-16 because he said I did not have the condition of photophobia.

(ECF No. 1 at p. 3.) Plaintiff further alleges that he suffers from constant headaches because of extreme light sensitivity, blindness/distorted vision. (Id.) Plaintiff forwards claims for violation

of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and seeks injunctive relief solely in the form of his transitional glasses. (Id. at p. 4.)

### III. Discussion

#### A. Section 1983 Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Boyer and Lin to any asserted constitutional violation. According to his complaint, both Defendant Boyer and Defendant Lin prescribed him the requested transitional glasses, and there are no factual allegations suggesting that either of these defendants deprived him of any rights. Plaintiff will be granted leave to amend his complaint to cure this deficiency to the extent he is able to do so in good faith. In any amended complaint, Plaintiff must allege what each named defendant did or did not do that caused the asserted constitutional violation.

#### B. Fifth Amendment and Fourteenth Amendments

Although not entirely clear, it appears that Plaintiff is attempting to assert a due process claim by invoking both the Fourteenth and Fifth Amendments to the United States Constitution.

However, Plaintiff's purported due process claim is secured by the Fourteenth Amendment, not the Fifth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n. 4 (9th Cir.2007) (Fifth Amendment's Due Process Clause subjects the federal government to constitutional limitations that are equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment) (citations and quotations omitted). Accordingly, Plaintiff cannot state a cognizable Fifth Amendment claim.

To the extent Plaintiff is attempting to pursue a claim for violation of the Fourteenth Amendment, his allegations provide no indication that he suffered a due process or equal protection violation. In fact, the allegations in Plaintiff's complaint are insufficient for the Court to determine the nature of any Fourteenth Amendment claim. As discussed below, Plaintiff will be granted leave to amend his complaint to allege a violation of the Fourteenth Amendment if he so chooses.

**C. Sixth Amendment**

Plaintiff also asserts a violation of the Sixth Amendment. However, the Sixth Amendment only guarantees an accused certain rights related to a criminal prosecution. U.S. Const. Amend. VI; see Wilson v. Beard, No. 2:15-CV-01481-AC P, 2017 WL 1650631, at *3 (E.D. Cal. May 2, 2017) (Sixth Amendment inapplicable to prisoner suits based on conditions of confinement). Plaintiff's allegations concerning his transitional glasses do not implicate the Sixth Amendment.

**D. Eighth Amendment – Deliberate Indifference**

Although Plaintiff's complaint does not refer to the Eighth Amendment, his allegations implicate a claim for deliberate indifference to serious medical needs. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v.

Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the

circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As currently pled, Plaintiff's allegations suggest either negligence in diagnosing or treating his photophobia by Defendants Rasheed and Wong, or a mere difference of opinion regarding the appropriate course of medical treatment for Plaintiff's condition. Neither of these of is sufficient to state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff will be granted leave to amend to cure this deficiency.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a

first amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 22, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE