| | |
|---|---|
| ANDREW GEILS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KARIM RASHEED, et al.,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-00287-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Andrew Geils is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.

On December 22, 2017, the Court screened Plaintiff's complaint, found that he had failed to state any cognizable claim, and granted him leave to amend within thirty (30) days. (ECF No. 8.) The Court expressly warned Plaintiff that the failure to comply with that order would result in this action being dismissed for the failure to obey a court order and the failure to state a claim upon which relief may be granted. (*Id*. at 7.)

The deadline for Plaintiff to file an amended complaint has passed, and he has not complied with the Court's order. Accordingly, the Court recommends dismissal of Plaintiff's complaint, for the reasons explained below.

# I. Failure to State a Claim

## A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## B. Summary of Complaint Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The events in the complaint are alleged to have occurred

while Plaintiff was housed at Avenal State Prison, Valley State Prison and CSATF. Plaintiff names the following defendants: (1) Karim Rasheed, M.D., O.D. at CSATF; (2) Ning Lin, M.D., O.D at VSP; (3) Dr. Boyer, Optometrist at ASP; and (4) Dr. Wong, Optometrist at CSATF.

Plaintiff alleges the following:

> Dr. Boyer-Optometrist-Avenal State Prison prescribed a pair of transition glasses for me on 4-27-15 because of my photophobia. Dr. Ning Lin-OD, MD-at Valley State Prison prescribed a pair of transition glasses for me on 3-8-16 because of my photophobia. Dr. Karim Rasheed-ophthalmologist, SATF-Corcoran State Prison denied to prescribed [sic] me transition glasses on 9-8-16 because he said I did not have the condition of photophobia. Dr. Wong-optometrist-at SATF-Corcoran State Prison denied to prescribe me transition glasses on 10-6-16 because he said I did not have the condition of photophobia.

(ECF No. 1 at p. 3.) Plaintiff further alleges that he suffers from constant headaches because of extreme light sensitivity, blindness/distorted vision. (*Id*.) Plaintiff forwards claims for violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and seeks injunctive relief solely in the form of his transitional glasses. (*Id*. at p. 4.)

**C. Discussion**

**1. Section 1983 Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

///

Plaintiff has failed to link Defendants Boyer and Lin to any asserted constitutional violation. According to his complaint, both Defendant Boyer and Defendant Lin prescribed him the requested transitional glasses, and there are no factual allegations suggesting that either of these defendants deprived him of any rights.

### 2. Fifth Amendment and Fourteenth Amendments

Although not entirely clear, it appears that Plaintiff is attempting to assert a due process claim by invoking both the Fourteenth and Fifth Amendments to the United States Constitution. However, Plaintiff's purported due process claim is secured by the Fourteenth Amendment, not the Fifth Amendment. *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1170 n. 4 (9th Cir.2007) (Fifth Amendment's Due Process Clause subjects the federal government to constitutional limitations that are equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment) (citations and quotations omitted). Accordingly, Plaintiff cannot state a cognizable Fifth Amendment claim.

To the extent Plaintiff is attempting to pursue a claim for violation of the Fourteenth Amendment, his allegations provide no indication that he suffered a due process or equal protection violation. In fact, the allegations in Plaintiff's complaint are insufficient for the Court to determine the nature of any Fourteenth Amendment claim.

### 3. Sixth Amendment

Plaintiff also asserts a violation of the Sixth Amendment. However, the Sixth Amendment only guarantees an accused certain rights related to a criminal prosecution. U.S. Const. Amend. VI; *see Wilson v. Beard*, No. 2:15-CV-01481-AC P, 2017 WL 1650631, at *3 (E.D. Cal. May 2, 2017) (Sixth Amendment inapplicable to prisoner suits based on conditions of confinement). Plaintiff's allegations concerning his transitional glasses do not implicate the Sixth Amendment.

///

### 4. Eighth Amendment – Deliberate Indifference

Although Plaintiff's complaint does not refer to the Eighth Amendment, his allegations implicate a claim for deliberate indifference to serious medical needs. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

///

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

As currently pled, Plaintiff's allegations suggest either negligence in diagnosing or treating his photophobia by Defendants Rasheed and Wong, or a mere difference of opinion regarding the appropriate course of medical treatment for Plaintiff's condition. Neither of these of is sufficient to state a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standards

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff's amended complaint is overdue, and he has not otherwise communicated with the Court. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's December 22, 2017 order expressly warned Plaintiff that his failure to file an amended complaint would result in dismissal of this action for failure to obey a court order and the failure to state a claim. (ECF No. 8 at 7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendation

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for the failure to state a claim, failure to obey a court order, and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 9, 2018**  /s/ Barbara A. McAuliffe  
UNITED STATES MAGISTRATE JUDGE